# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDWARD COLOSIMO,**

                             **Plaintiff,**

**-vs-**                                         **Case No.  6:04-cv-1491-Orl-31DAB**

**CITY OF PORT ORANGE,**

                             **Defendant.**

_____

# ORDER

The Plaintiff, Edward Colosimo ("Colosimo") brought this action against the Defendant, the City of Port Orange (the "City"), asserting various federal and state claims arising out of his arrest for Driving Under the Influence.  This matter is before the Court on the City's Motion for Summary Judgment (Doc. 20), and Colosimo's Response thereto (Doc. 22).  For the reasons stated herein, the City's Motion for Summary Judgment is granted.

**I.**      **Background**

A. The Parties

Colosimo is a resident of Volusia County, Florida.  The City is a political subdivision of the State of Florida, located in Volusia County, Florida.

B. History[1]

On September 23, 2003, Colosimo was operating his motorcycle on a road in Volusia County, Florida.  (Doc. 2 at 2; Doc. 20, Att. 1 at 1, Att. 2 at 1).  The motorcycle was heavily loaded with two tires that were tied on each side of the motorcycle, as well as a trunk filled with t-shirts.  (Doc. 2 at 2).  In addition, Colosimo had attached two large flags, each measuring three feet by five feet, to the back of his motorcycle.  (*Id*.).  There was a strong crosswind blowing.  (*Id*.).  As Colosimo was driving his motorcycle, he was followed by several acquaintances in a pick-up truck.  (*Id*.).

At some point, Officer Casey Conley ("Conley") of the Port Orange Police Department (the "POPD") pulled behind Colosimo's acquaintances and followed them for a period of time.  (*Id*.).  On two separate occasions, Conley pulled out from behind Colosimo's acquaintances, and then immediately returned to his position behind them.  (*Id*.).  Then, at a traffic light, Conley pulled up next to Colosimo, and shortly thereafter pulled directly behind Colosimo and followed him for approximately one mile.  (*Id*. at 3).

Shortly after they drove into the City's municipal limits, Conley stopped Colosimo.  (*Id*.).  Conley informed Colosimo that he had observed Colosimo's motorcycle weaving on the roadway.  (*Id*.; Doc. 20, Att. 1 at 1, Att. 2 at 1).  In response, Colosimo explained that he was weaving because his motorcycle was heavily loaded and the crosswinds made it difficult to operate the

---

[1] Due to a shortage of supporting evidence, the Court has relied to a limited extent on the allegations in Colosimo's Complaint (Doc. 2) to develop the factual circumstances of this case to the extent necessary in light of the nature of Colosimo's claims. Therefore, the factual statements in this section that only  cite to Colosimo's Complaint are not supported by evidence submitted by either party in support of their motions.

motorcycle.  (Doc. 2 at 3).[2]  Conley asked if Colosimo had consumed alcohol that day, to which

Colosimo responded that he had consumed two drinks.  (Doc. 20, Att. 1 at1, Att. 2 at 1).  Conley

then requested that Colosimo submit to field sobriety tests because he suspected that Colosimo

was under the influence of drugs or alcohol.  (Doc. 2 at 3; Doc. 20, Att. 1 at 2, Att. 2 at 1).

Colosimo indicated that he would submit to those tests only if his attorney could be present.  (Doc.

2 at 3; Doc. 20, Att. 1 at 2, Att. 2 at 1).  Conley then arrested Colosimo for the charge of Driving

Under the Influence ("DUI").  (Doc. 2 at 3; Doc. 20, Att. 1 at 2, Att. 2 at 2).  Conley also charged

Colosimo with Refusal to Sign a Citation.  (Doc. 20, Att. 1 at 2, Att. 2 at 2).

After Colosimo had been arrested, he and Conley "engaged in a verbal exchange"

concerning Colosimo's refusal to sign a form stating that he had refused to take the field sobriety

tests.  (Doc. 2 at 3).  Conley then became agitated and increased Colosimo's bond.  (*Id.*).[3]

Colosimo, represented by counsel, subsequently entered into a plea agreement in

connection with the DUI charge, pursuant to which he entered a plea of *nolo contendere* to a

charge of Careless Driving, and the charges of DUI and Refusal to Sign a Citation were dismissed.

(Doc. 20, Att. 1 at 2, Att. 2 at 2).

C. Claims and Arguments

Colosimo asserts several causes of action against the City.  In Count One, he asserts a

claim under 42 U.S.C. section 1983 ("Section 1983") for violations of his procedural and

substantive due process rights.  In Count Two, he asserts Constitutional claims under Section 1983

---

[2] *See* discussion, *supra*, in note 1.

[3] *See* discussion, *supra*, in note 1.

for false arrest, excessive force, false imprisonment and malicious prosecution.  Count Three, also brought under Section 1983, alleges a violation of Colosimo's First Amendment right of freedom of speech.[4]  Counts Four, Five and Six, respectively, assert state law claims for false arrest, false imprisonment and negligent supervision.

The City argues that Colosimo cannot establish the existence of a constitutional violation, and thus asserts that Colosimo cannot establish municipal liability.  First, the City argues that Colosimo's substantive due process claim is more properly analyzed under the Fourth Amendment, and the procedural due process claim fails because Colosimo was not deprived of a protected liberty interest and, even if he was so deprived, Florida law provides a sufficient post-deprivation remedy.[5]  Second, the City argues that Conley had probable cause to arrest Colosimo, and asserts that the existence of probable cause defeats Colosimo's Fourth Amendment claims for wrongful arrest, false imprisonment, malicious prosecution, as well as Colosimo's First Amendment claim of retaliatory arrest.  Finally, the City asserts that Colosimo's state law claims fail because Conley had probable cause to arrest Colosimo.

---

[4] The Court notes that in each of the first three counts, wherein Colosimo asserts claims against the City under Section 1983 for constitutional violations, Colosimo also makes a claim for punitive damages.  Such a claim is clearly improper, as municipalities are immune from punitive damages in actions brought under Section 1983.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

[5] The City also properly asserts that Colosimo has no Fifth Amendment claim because the City is not a federal actor.  *See Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (the "Fifth Amendment prohibits the federal government from depriving a person of life, liberty, or property, without due process of law") (internal citation and quotation omitted); *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (Tjoflat, J., dissenting) (Fifth Amendment does not apply where acts complained of were committed by state, not federal, officials).  The Plaintiff appears to concede that the Fifth Amendment is inapplicable in this case.  (*See* Doc. 22 at 6).

## II.      Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact.  FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994).  Which facts are material depends on the substantive law applicable to the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgement points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted).  Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial.  *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352.  The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.  *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).[6]

---

[6] All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

## III.    Legal Analysis

A. Fourteenth Amendment Due Process - Count One

Colosimo asserts that his due process rights were violated in two ways: first, because his arrest was not supported by probable cause; and second, because Conley increased Colosimo's bond "unilaterally, maliciously, and prior to any court appearance." (Doc. 22 at 7). A claim for wrongful arrest is analyzed under the Fourth Amendment, not the Fourteenth. *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004) (Fourth Amendment encompasses the right to be free from arrest without probable cause); *see also Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim."). Therefore, the City is entitled to summary judgment on Count One to the extent that Count One asserts a claim for wrongful arrest under the Fourteenth Amendment.

Colosimo's claim that his Fourteenth Amendment rights were violated when Conley increased his bond prior to any court appearance is a mere conclusory assertion, without supporting facts or legal citations.[7] (*See* Doc. 22 at 7). For example, Colosimo has not shown by

---

[7] The Court finds this claim almost nonsensical because the Court is not aware of, and Colosimo has given neither factual nor legal support for, any practice or authority by which an

way of evidence what his original bond was; he has not shown how or when or in what amount

Conley increased that bond; nor has he shown a legal basis for his claim that the alleged increasing

of his bond resulted in a Constitutional deprivation.  Such a conclusory allegation, without factual

or legal support is not probative on a motion for summary judgment.  *Evers*, 770 F.2d at 986.

Therefore, the City is entitled to summary judgment on Count One.

B. Probable Cause

The Fourth Amendment encompasses the right to be free from arrest without probable

cause.  *Crosby v. Monroe County*, 394 F.3d at 1332.  In the Eleventh Circuit,  "the standard for

determining the existence of probable cause is . . . whether a reasonable man would have believed

[probable cause existed] had he known all of the facts known by the officer."  *Rankin v. Evans*,

133 F.3d 1425, 1433 (11th Cir. 1998) (internal citation and quotation omitted).[8]  For probable

cause to exist, the arrest "must be objectively reasonable under the totality of the circumstances."

*Id*. at 1435.

> This standard is met when the facts and circumstances within the officer's
> knowledge, of which he or she has reasonably trustworthy information, would
> cause a prudent person to believe, under the circumstances shown, that the suspect
> has committed, is committing, or is about to commit an offense.  Probable cause
> requires more than mere suspicion, but does not require convincing proof.

*Id*. (internal citations and quotations omitted); *see also Marx v. Gumbinner*, 905 F.2d 1503, 1506

(11th Cir. 1990) ("Probable cause does not require overwhelmingly convincing evidence, but only

reasonably trustworthy information.") (internal citation and quotation omitted).

An arresting officer must conduct a reasonable investigation to establish probable cause.

*Rankin*, 133 F.3d at 1435.  The officer does not, however, have to take "every conceivable step . . .

---

arresting officer can increase an arrestee's bond.

[8] This standard is the same under both Florida and federal law.  *Rankin*, 133 F.3d at 1433.

at whatever cost, to eliminate the possibility of convicting an innocent person." *Id*. at 1436 (internal citation and quotation omitted). This is because probable cause is not judged with clinical detachment, "but with a common sense view to the realities of normal life." *Marx*, 905 F.2d at 1506 (internal citation and quotation omitted). Finally, the subjective belief of the arresting officer is not relevant to the determination of whether probable cause exists.[9] *Rankin*, 133 F.3d at 1433.

Probable cause constitutes an absolute bar to Section 1983 claims alleging false arrest. *Id*. at 1435. On the other hand, "[a] warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Rodriguez v. Farrell*, 280 F.3d 1341, 1345 (11th Cir. 2002). Thus, to succeed on a Section 1983 claim, the plaintiff bears the burden of demonstrating the absence of probable cause. *Rankin*, 133 F.3d at 1436. Whether a particular set of facts gives rise to probable cause for an arrest depends on the elements of the crime. *Crosby*, 394 F.3d at 1333.

*1) Colosimo's plea of nolo contendere to the charge of Careless Driving*

The City's argument rests entirely on the assertion that Colosimo's plea to the charge of Careless Driving constitutes proof of the existence of probable cause for his arrest. The City's argument appears to be that because Colosimo ultimately entered a plea of *nolo contendere* to the charge of Careless Driving, that plea establishes probable cause to arrest for that charge, and that because Conley had probable cause to arrest Colosimo for some offense, there can be no constitutional violations arising out of that arrest. The Court does not find this argument persuasive.

---

[9] "No subjective belief requirement exists under either state or federal law." *Rankin*, 133 F.3d at 1434.

The determination of "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer *at the time of the arrest*." *Devenpeck v. Alford*, 125 S. Ct. 588, 593 (2004) (emphasis supplied); *see also Storck v. City of Coral Springs*, 354 F.3d 1307, 1317 (11th Cir. 2003) (probable cause is "based on the totality of the circumstances, that is, the facts and circumstances within the officer's knowledge") (internal citation and quotation omitted).  Further, the issue is whether the officer "violated clearly established law in making the arrest[] based on the objective factors that gave rise to his probable-cause determination and not whether the arrestee['s] actions actually constituted a crime" or ultimately resulted in a conviction.  *Scarbrough v. Myles*, 245 F.3d 1299, 1303 n.8 (11th Cir. 2001); *see also U.S. v. Seay*, 432 F.2d 395, 400 (5th Cir. 1970) (probable cause determination does not depend on whether the defendant was eventually convicted, nor on whether he was convicted on the same charge on which he was arrested, but whether police had probable cause at the time of the arrest to believe an offense had been committed).

Thus, when determining the validity of an arrest, "[t]hat a defendant is subsequently acquitted or charges are dropped against the defendant is of no consequence . . . ."  *Marx*, 905 F.2d at 1507; *see also Shortz v. City of Montgomery*, 267 F. Supp. 2d 1124, 1128-29 (M.D. Ala. 2003) (plaintiff's reliance on dismissal of charges to support contention that officers lacked probable cause to arrest him was misplaced; decision to dismiss charges did not mean that decision to arrest lacked legal basis).  In much the same way, then, the ultimate validity of an arrest, and the related probable cause determination, which are to be determined based on the totality of the facts and circumstances within the arresting officer's knowledge at the time of the arrest, cannot rest solely

on a criminal court's *post-hoc* determination of probable cause.[10]   This is particularly true in this case, because where a plaintiff ultimately pleads to an entirely different offense from that for which he was originally arrested, that plea is simply irrelevant to the probable cause determination for the arrest.

Although the City has misconstrued the relevant analysis, the primary issue in the case remains whether Conley had probable cause to arrest Colosimo.

### 2) Probable cause for Colosimo's arrest

Whether certain facts give rise to probable cause for arrest depends on the elements of the offense.  *Crosby*, 394 F.3d at 1333.  In this case, Colosimo was arrested for DUI.  Florida Statute section 316.193 ("Driving under the influence") provides, in relevant part, that:

> A person is guilty of the offense of driving under the influence . . . if the person is driving or in actual physical control of a vehicle within this state and:
>
>> (a) The person is under the influence of alcoholic beverages . . . when affected to the extent that the person's normal faculties are impaired . . . .

F.S. § 316.193(1).[11]   There are three material elements to a DUI charge:

---

[10] Some courts appear to rely on the entry of a plea as a factor or evidence in the probable cause determination.  *See Epstein v. Toys-R-Us Del., Inc.*, 277 F. Supp. 2d 1266, 1274 (S.D. Fla. 2003) (after making independent determination that probable cause to arrest existed, finding that plaintiff's nolo contendere plea was conclusive proof of probable cause to arrest plaintiff for offense to which he pled); *Goodman v. Town of Golden Beach*, 988 F. Supp. 1450, 1458 (S.D. Fla. 1997) (probable cause to arrest existed where individual fled scene, ignored officer's order to stop, engaged in struggle with officer and subsequently pled no contest to charges including battery on a law enforcement officer and resisting arrest with violence).  However, the Court has not found, and the City has not pointed to, any binding law where the probable cause determination rests exclusively on the fact of a subsequent plea.  "In dealing with probable cause, . . . as the very name implies, [courts] deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."  *Marx*, 905 F.2d at 1507.

[11] A "vehicle" means "[e]very device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or

> (1) that the defendant was driving or in actual physical control of the vehicle; (2) that the defendant was under the influence of an alcoholic beverage or a controlled substance and (3) that the defendant was affected to the extent that his normal faculties were impaired.

*State v. Tagner*, 673 So. 2d 57, 58 n.2 (Fla. 4th DCA 1996). Therefore, probable cause to arrest a person for DUI is "based upon a belief that the driver is under the influence of alcoholic beverages to the extent that his normal faculties are impaired." *State v. Kliphouse*, 771 So. 2d. 16, 21 (Fla. 4th DCA 2000). However, "[p]robable cause for a DUI arrest must be based upon more than a belief that a driver has consumed alcohol; it must arise from facts and circumstances that show a probability that a driver is impaired by alcohol or has an unlawful amount of alcohol in his system." *Id*. at 22.

The only evidence provided by either party in this case was the Plaintiff's Response to Defendant's First Request for Admissions to Plaintiff, which was provided by the City. (Doc. 20, Att. 2). That document reveals that Conley stopped Colosimo and informed him that Conley had observed his motorcycle weaving on the roadway, and Colosimo was asked whether he had consumed any alcohol that day, to which he responded, "2 drinks."[12] (Doc. 20, Att. 1 at 1; Att. 2 at 1). Further, Conley requested that Colosimo submit to field sobriety tests, but Colosimo declined to do so without his attorney present. (Doc. 20, Att. 1 at 2; Att. 2 at 1).

The facts known to Conley at the time of the arrest were clearly sufficient for Conley to have initiated the traffic stop. *U.S. v. Harris*, 928 F.2d 1113, 1116-17 (11th Cir. 1991) (officer

---

tracks." F.S. § 316.003(75).

[12] Colosimo denies, however, having consumed alcohol "shortly prior to being stopped by [Conley]." (Doc. 22, Att. 1 at 1; Att. 2 at 1).

justified in stopping defendant to determine whether he was drunk when defendant weaved across emergency lane twice); *Yanes v. State*, 877 So. 2d 25, 26-27 (Fla. 5th DCA 2004) (even in absence of traffic violation, officer's suspicion was well-founded, and traffic stop was justified, where defendant crossed "fog line" three times within one mile stretch); *Roberts v. State*, 732 So. 2d 1127, 1128 (Fla. 4th DCA 1999) (defendant's weaving in lane was objective basis for belief that she was driving under the influence, and provided objective facts to support traffic stop; "a police officer can stop a driver based on a founded suspicion that the driver is under the influence, even where the driver is not committing a separate traffic offense").

"Even in the absence of probable cause for such an arrest prior to the stop, an officer can stop a driver based upon a founded suspicion that he is driving while under the influence. Thereafter, investigation may establish probable cause for arrest." *State v. Carillo*, 506 So. 2d 495, 497 (Fla. 5th DCA 1987).  After Conley initiated the traffic stop based on his observation that Colosimo was weaving, Colosimo stated that he had consumed two alcoholic drinks.  The combination of these factors gave Conley probable cause to arrest Colosimo for DUI.[13]  *Carillo*, 506 So. 2d at 497 (officer observed defendant weaving within lane, and then arrested defendant for DUI after observing his demeanor; if defendant's driving led officer to believe he was impaired, officer had legal basis for traffic stop, and after the stop probable cause was established for arrest).

---

[13] Colosimo clearly disagrees with such a finding.  However, he has failed to provide evidence that would contradict a finding of probable cause, and instead relies solely upon the allegations in his Complaint and assertions in his Response to the City's Motion for Summary Judgment.  A party on summary judgment is required to go beyond his pleadings and offer evidence in support of his position.  *Celotex*, 477 U.S. at 324-25.  As Colosimo has failed to do so, summary judgment must be entered against him.  *Id*. at 322, 324-25.

Because Conley had probable cause to arrest Colosimo for DUI, Colosimo has not suffered a Fourth Amendment violation. *Rankin*, 133 F.3d at 1435. In the absence of a Constitutional violation by Conley, the City cannot be held liable, and thus summary judgment is required in favor of the City on Colosimo's federal law false arrest claim.[14] *Dahl v. Holley*, 312 F.3d 1228, 1236 (11th Cir. 2002) (constitutional claim against city fails where plaintiff fails to establish underlying constitutional deprivation).

C. False Imprisonment, Malicious Prosecution (Count Two) and First Amendment Claim (Count Three)[15]

Section 1983 claims for false imprisonment and malicious prosecution are recognized as federal law claims under the Fourth Amendment. *Ortega*, 85 F.3d at 1526 (Section 1983 false

---

[14] Even if it were established that Conley lacked probable cause to arrest Colosimo, summary judgment ultimately would still be mandated in favor of the City on the false arrest claim, because Colosimo has not established that the alleged Fourth Amendment violation was caused by the City's policy or custom. Municipalities may only be found liable under Section 1983 where the municipality itself causes the constitutional violation at issue. *City of Canton, Oh. v. Harris*, 489 U.S. 378, 385 (1989). Respondeat superior and vicarious liability do not attach under Section 1983. *Id.* It will not suffice for a plaintiff to identify conduct attributable to the municipality; instead, the plaintiff must demonstrate that, through its deliberate conduct, the municipality "was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997). Thus, in order to impose liability on a municipality under Section 1983, a plaintiff must show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); see also *Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005) (Section 1983 liability exists only when a policy or custom of the municipality causes the injury, and so a plaintiff must demonstrate a direct causal link between the municipal action and the deprivation of federal rights). Colosimo provided no evidence to prove the existence of any policies or customs of the City, much less that any such policy or custom caused the alleged Constitutional deprivation, and thus his claim necessarily fails.

[15] Colosimo also included "Excessive Force" in the caption for Count Two, but failed support that claim, whether through allegations, argument or evidence. Thus, in an abundance of caution, the Court notes that the City is entitled to summary judgment on Colosimo's Excessive Force claim.

imprisonment claim is grounded in Fourth Amendment guarantee against unreasonable seizures); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (Eleventh Circuit identifies malicious prosecution as violation of the Fourth Amendment and a viable constitutional tort cognizable under Section 1983).  However, an element of both claims is the absence of probable cause. *Ortega*, 85 F.3d at 1526 ("Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest."); *Wood*, 323 F.3d at 882 (absence of probable cause is a required element of Section 1983 malicious prosecution claim).  Therefore, the existence of probable cause for Colosimo's arrest necessarily bars his claims for both false imprisonment and malicious prosecution.  *See Wood*, 323 F.3d at 882 (probable cause bars Section 1983 malicious prosecution claim).

Colosimo's First Amendment claim in Count Three is a claim for retaliatory arrest.  (Doc. 22 at 10).  A First Amendment retaliation claim, however, is also defeated by the existence of probable cause.  *Wood*, 323 F.3d at 883 (malicious prosecution claim defeated by probable cause); *Dahl*, 312 F.3d at 1236 ("Whatever the officer['s] motivation [to arrest the plaintiff] . . . the existence of probable cause to arrest [the plaintiff] defeats [his] First Amendment claim.").  Therefore, the City is entitled to summary judgment on Colosimo's claims for false imprisonment and malicious prosecution in Count Two, as well as his claim for retaliatory arrest in Count Three.[16]

---

[16] As noted, *supra*, in note 14, even if Conley lacked probable cause to arrest Colosimo, summary judgment is still mandated in favor of the City on Colosimo's claims of false imprisonment, malicious prosecution and retaliatory arrest, because Colosimo failed to establish that such alleged violations were the result of any policy or custom of the City.

D. State Law Claims (Counts Four, Five and Six)

*1) False arrest (Count Four) and False Imprisonment (Count Five)*

Under Florida law, false arrest and false imprisonment are "different labels for the same cause of action." *Weissman v. K-Mart Corp.*, 396 So. 2d 1164, 1165 n.1 (Fla. 3rd DCA 1981); *see also Andrews v. Florida Parole Comm'n*, 768 So. 2d 1257, 1266 (Fla. 1st DCA 2000) (false arrest and false imprisonment are "essentially the same tort").   As under federal law, the existence of probable cause bars a claim under Florida law for false arrest and false imprisonment.   *See Von Stein v. Brescher*, 904 F.2d 572, 584 n.19 (11th Cir. 1990) (noting that, in Florida, existence of probable cause disposes of, *inter alia*, state law claim for false arrest); *Mas v. Metro. Dade County*, 775 So. 2d 1010, 1011 (Fla. 3rd DCA 2001) ("[P]robable cause is a complete bar to an action for false arrest and false imprisonment."); *Weissman*, 396 So. 2d at 1168 (Fla. 3rd DCA 1981) (affirming summary judgment on claim for malicious prosecution where officer had probable cause to detain and arrest plaintiff).[17]   Therefore, because Conley had probable cause to arrest Colosimo, the City is entitled to summary judgment on Colosimo's state law claims for false arrest and false imprisonment.

*2) Negligent supervision (Count Six)*

Negligent supervision occurs "when, during the course of employment, the employer becomes aware, or should have become aware, of problems with an employee that indicates his

---

[17] In Florida, "probable cause is an affirmative defense to an action for false arrest and false imprisonment." *Metro. Dade County v. Norton*, 543 So. 2d 1301 (Fla. 3rd DCA 1989); *see also Rankin*, 133 F.3d at 1436.  Thus, the burden of demonstrating the existence of probable cause with regard to Colosimo's state law claims fell to the City.  However, as the Court's analysis of the federal law claims reveals, the City is the only party that provided evidence for this matter, and it was from this evidence that the Court was able to make the probable cause determination for the federal law claims.  Thus, because the City brought forth evidence supporting its assertion that Conley had probable cause, the City has met its burden on its affirmative defense to the state law claims, as well.

unfitness, and the employer fails to take further action such as investigation, discharge or

reassignment." *Matthews v. City of Gulfport*, 72 F. Supp. 2d 1328, 1340 (M.D. Fla. 1999); *see*

*also U.S. Fidelity & Guar. v. Toward*, 734 F. Supp. 465, 470 (S.D. Fla. 1990) (the gist of negligent

hiring and supervision is that the defendant acted unreasonably in letting another party to whom he

had a duty to control commit a wrong against the plaintiff).  As this cause of action is based on

negligence, a plaintiff must establish the conventional elements of negligence, *Samedi v. Miami-*

*Dade County*, 134 F. Supp. 2d 1320, 1353 (S.D. Fla. 2001), and more particularly, must establish:

> (1) existence of a duty on part of the defendant to protect the plaintiff from the
> injury or damage of which he complains; (2) failure of the defendant to perform
> that duty; and (3) injury or damage to the plaintiff proximately caused by such
> failure.

*Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1366 (M.D. Fla. 1999).  The focus of this

claim is on the supervisor-defendant's negligence, not the wrongful conduct of the third party

which led to the plaintiff's injury.  *U.S. Fidelity*, 734 F. Supp. at 470.  However, if the allegedly

negligent supervision "did not result in the third party committing some wrong which injured the

plaintiff, there would be no prima facie case because the plaintiff would not be able to show

damages." *Id*.

Here, Colosimo alleges that the City's failure to supervise Conley resulted in Colosimo's

damages.  These damages could only have arisen from what Colosimo alleges were violations of

his Constitutional rights and his false arrest and false imprisonment.  However, the Court has

determined that Colosimo suffered neither from a deprivation of his Constitutional rights nor from

the tort of false arrest and imprisonment.  Therefore, even if the City had been negligent in

supervising Conley, such negligence did not result in an underlying wrong being committed by

-16-

Conley against Colosimo, and thus Colosimo cannot establish that he was damaged.  Accordingly, the City is entitled to summary judgment on Colosimo's claim of negligent supervision.

## IV.    Conclusion

Colosimo failed to establish a violation of his Fourteenth Amendment rights (Count One). Further, Conley had probable cause to arrest Colosimo for DUI, and the existence of probable cause bars not only Colosimo's Constitutional claims (Counts Two and Three), but his state law claims for false arrest and false imprisonment (Counts Four and Five, respectively) as well. Because these claims are barred, Colosimo was not damaged, and therefore his claim for negligent supervision (Count Six) fails.  Accordingly, it is

**ORDERED THAT** the City's Motion for Summary Judgment (Doc. 20) is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant City of Port Orange.  This case is removed from the January 3, 2006 trial docket, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 16, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party