# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EDWARD COLOSIMO,

                     **Plaintiff,**

-vs-                                       **Case No.  6:04-cv-1491-Orl-31DAB**

CITY OF PORT ORANGE,

                     **Defendant.**

_____

# ORDER

This matter comes before the Court on the Plaintiff, Edward Colosimo's ("Colosimo") Motion for Reconsideration (Doc. 27) of this Court's Order dated June 16, 2005 (Doc. 25) which granted summary judgment in favor of the Defendant, the City of Port Orange ("City") on all of Colosimo's claims.  Colosimo and the City have both filed Supplemental Memoranda (Docs. 31 and 32, respectively).[1]  In the end, the Court's judgment remains unchanged.

## I.    Background

### A. Procedural History

Colosimo originally filed this action against the City, asserting various federal and state claims arising out of his arrest for Driving Under the Influence ("DUI").[2]  The City moved for summary judgment arguing, *inter alia*, that Colosimo's claims were barred because his plea to the

---

[1] The Court construes Colosimo's Supplemental Memorandum (Doc. 31) as a Motion to Alter or Amend Judgment.

[2] The factual background of this case has been thoroughly developed in this Court's Summary Judgment Order of June 16, 2005 (Doc. 25), which the Court incorporates herein by reference.

charge of Careless Driving constituted proof of the existence of probable cause for his arrest, and that because probable cause existed to arrest Colosimo for some offense, there could be no constitutional violations arising out of that arrest.  The Court rejected that argument, but noted that the primary issue in the case remained whether the arresting officer had probable cause to arrest Colosimo.  (Doc. 25 at 10).  The Court then determined that probable cause existed based on the arresting officer's observation that Colosimo was weaving while driving a motorcycle and on Colosimo's subsequent statement to the officer that he had consumed two alcoholic drinks.  (*Id*. at 12).  Having found probable cause, the Court then determined that each of Colosimo's claims necessarily failed.  (*Id*. at 13) (discussing Fourth Amendment false arrest claim); (*id*. at 14) (discussing Fourth Amendment false imprisonment and malicious prosecution claims, as well as First Amendment retaliation claim); (*id*. at 15) (discussing state law false arrest and false imprisonment claims); (*id*. at 17) (discussing negligent supervision claim).

B. Motion for Reconsideration

Colosimo moved for reconsideration of this Court's Order, asserting that: (1) the City's Motion for Summary Judgment was based solely upon the assertion that Colosimo's plea established the existence of probable cause; (2) Colosimo's Response thereto was limited to the issues the City raised in its Motion; (3) the Court rejected the City's assertion but then issued a judgment based on a position and analysis not presented by the City in its Motion; and (4) Colosimo was not able to respond to the legal analysis the Court adopted in its Order, and thereby was deprived of due process.  (Doc. 27 at 1-2).  The Court then granted Colosimo leave to file a supplemental brief addressing the pertinent issues.  (Doc. 28).

## II.      Legal Analysis

Colosimo's Supplemental Memorandum addresses the issues of probable cause and First Amendment retaliation.

A. Probable Cause

Colosimo notes that the Court's initial probable cause determination was based solely upon the arresting officer's observation that Colosimo was weaving and Colosimo's statement to the officer that he had consumed two alcoholic drinks, and argues that an objective analysis based on these factors cannot result in a determination that the arresting officer had probable cause to arrest him for DUI.  Along these lines, Colosimo further asserts that in much the same way that the smell of alcohol requires additional corroborating evidence to support a determination of probable cause for a DUI arrest, Colosimo's admission of consuming two alcoholic drinks would also require additional corroborating evidence, particularly in light of Colosimo's statement that he had consumed those drinks much earlier in the day,[3] and the fact that the arresting officer observed Colosimo weaving while driving his motorcycle is not sufficient.

Ultimately, Colosimo's argument rests on the proposition that because the arresting officer did not immediately conduct a further inquiry into the nature of Colosimo's drinking and did not give absolute credence to Colosimo's explanation regarding both the time he consumed the drinks

_____

[3] Colosimo specifically notes that the arresting officer made no inquiry as to the time of day when the drinks were consumed, the quantity of the drinks, or the identification of the drinks.  (Doc. 31 at 3).

and the loading of the motorcycle,[4] the officer could not have amassed sufficient evidence to provide him with probable cause to arrest Colosimo for DUI.[5]

Arresting officers are not obligated to accept arrestees' statements as true. *Rodriguez v. Farrell*, 280 F.3d 1341, 1347 n.15 (11th Cir. 2002). Indeed, while a policeman may take into account a suspect's explanation of suspicious behavior when making a probable cause determination, the "policeman . . . is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988).[6] The facts in this case remain that the arresting officer witnessed Colosimo weaving while driving a motorcycle,[7] and Colosimo admitted to consuming two alcoholic beverages. Once again, Colosimo fails to offer any legal authority to challenge the conclusion that these facts provided the arresting officer with probable cause to arrest Colosimo

---

[4] Colosimo's new statement explaining that the drinks were consumed "much earlier in the day," (Doc. 31, Colosimo Affidavit at 1), is the only "fact" that differs in any material respect from the set of facts before the Court on the original summary judgment motions.

[5] Ironically, the arresting officer's ability to investigate further was at least partially compromised by the fact that, when asked to perform field sobriety tests, instead of submitting, Colosimo "informed [the arresting officer] that he would do whatever he asked but that [Colosimo] wanted to contact [his] lawyer to see if [the lawyer] could be present." (Doc. 31, Colosimo Affidavit, at 2). Indeed, Colosimo previously admitted to "declin[ing] to submit to field sobriety tests without his attorney present." (Doc. 20, Att. 1 at 2, Att. 2 at 1).

[6] The Eleventh Circuit has favorably cited *Criss*, noting that police officers are "not required to forego arresting [a suspect] based on initially discovered facts showing probable cause simply because [the suspect] offered a different explanation." *Marx v. Gumbinner*, 905 F.2d 1503, 1507 n.6 (11th Cir. 1990).

[7] Although Colosimo originally denied that he was in fact weaving, (*see* Doc. 20, Att. 1 at 1; Att. 2 at 1), he now acknowledges that he was weaving, (*see* Doc. 31 at 3).

for DUI.  Instead Colosimo attempts to collaterally attack this conclusion by assailing the arresting

officer's alleged failure to investigate further based on Colosimo's proffered explanation.  The

arresting officer, however, was only under the obligation to conduct a reasonable investigation to

establish probable cause; he was not required to act as a judge determining ultimate facts.  *Rankin*

*v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998); *Rodriguez*, 280 F.3d at 1347 n.15.  Having

witnessed Colosimo weaving, the arresting officer initiated a traffic stop on suspicion of DUI.

Upon questioning, it was revealed that Colosimo had, in fact, been drinking.  Even in light of

Colosimo's proposed explanation (which the arresting officer was not required to accept) for the

cause of his weaving, these facts gave the arresting officer probable cause to arrest Colosimo for

DUI.[8]

   B. First Amendment Retaliation

   Colosimo asserts that the evidence shows that while he was incarcerated, he and the

arresting officer engaged in an argument, after which the arresting officer "unilaterally and

arbitrarily increased Colosimo's bond."  Colosimo argues, contrary to the Court's previous

conclusion that Colosimo lacked both factual and legal evidence to support his claim that this

alleged action violated his Constitutional rights, that there is uncontroverted evidence that the

---

[8] Indeed, it appears eminently reasonable for the arresting officer to have disregarded Colosimo's attempt to explain his behavior in the face of a potential arrest for DUI.  It makes sense that an individual suspected of DUI would attempt to offer innocuous reasons for his behavior, and it likewise makes sense that a trained police officer would reject those reasons.  "An officer . . . need not take every conceivable step at whatever cost, to eliminate the possibility of convicting an innocent person. . . . [O]nce an officer makes an arrest based upon probable cause, he need not investigate independently every claim of innocence.  Probable cause is judged not with clinical detachment but with a common sense view to the realities of normal life."  *Rankin*, 133 F.3d at 1436 (internal citations, quotations and punctuation omitted).

arresting officer increased his bond and deprived him of his liberty as a result of his exercise of his First Amendment rights.

The Court previously stated, albeit in the context of a Fourteenth Amendment analysis, that Colosimo's allegations regarding the increased bond prior to any court appearance were merely conclusory assertions, lacking factual and legal support.  In short, the Court found that Colosimo failed to provide evidence as to the amount of the original bond, how the arresting officer could increase the bond, or in what amount the bond was increased, and he further failed to offer any legal support for his assertion that the alleged increasing of the bond resulted in a Constitutional deprivation.  (Doc. 25 at 6-7).  Indeed, the Court noted that this claim bordered on nonsensical, given Colosimo's failure to provide any factual or legal support for any practice or authority by which an arresting officer can personally increase an arrestee's bond.  (*Id*. at 6, n.7).

Colosimo's present efforts fare no better.  He claims that the "evidence is undisputed that [the arresting officer] unilaterally and arbitrarily increased Colosimo's bond," and offers only his own affidavit as support.  Colosimo states in his affidavit that the arresting officer demanded that Colosimo sign a document which stated that Colosimo refused to submit to road side sobriety tests, but that Colosimo declined to sign it because he had not refused to submit to the tests.  (Doc. 31, Colosimo Affidavit, at 2).  Colosimo's affidavit further states that the arresting officer then became angry, and "hollered" that he was "bumping [Colosimo's] bond another $250.00."  (*Id*.).  Close scrutiny is not necessary, however, to see that Colosimo fails to provide facts showing that the arresting officer (or anyone else) *actually increased* his bond, or that he ultimately had to pay an increased bond.  Even more telling is that fact that, notwithstanding the Court's pronounced skepticism regarding the legitimacy of this claim, and the Court's unambiguous statement that

summary judgment was in order because Colosimo failed to provide any legal basis to support it, Colosimo has again failed to offer any legal theory or argument in this regard.  Regardless of whether this claim is analyzed under the First or Fourteenth Amendment, Colosimo's insufficient allegations and lack of legal support were not initially sufficient to survive summary judgment, and Colosimo has done nothing to change the Court's judgment in that regard.

## III.   Conclusion

For the foregoing reasons, it is

**ORDERED THAT** Colosimo's Motion to Alter or Amend Judgment, (Doc. 31), is DENIED.  Based upon this Order and the Court's previous Order granting summary judgment in favor of the City, (Doc. 25), the Clerk is directed to enter judgment in favor of the Defendant City of Port Orange.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 21, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party